**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHMOND CHEMICAL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>JULIO BAEZ,<br><br>    Defendant. | CASE NO. _____<br><br>Judge:<br><br>Magistrate Judge:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff RICHMOND CHEMICAL CORPORATION ("Plaintiff"), through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

## NATURE OF THE CASE

Plaintiff files this action for breach of a promissory note, and for breach of a confidentiality agreement that Defendant, Julio Baez, a former employee of Plaintiff, has executed.

## THE PARTIES

1. Plaintiff Richmond Chemical Corporation is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2210 Midwest Road, Oak Brook, Illinois, 60523.

2. Defendant, Julio Baez, is an individual residing at 3694 Torrey View Court, San Diego, California, 92130. Defendant was an employee of Richmond from approximately

1

December 14, 2009 through his termination on July 1, 2011. Defendant's during the course of his employment for Plaintiff was Vice President, Biologics.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to the claims in this action occurred within this District.

### BACKGROUND

5. Plaintiff is a company engaged in the business of, among other things, the purchase, sale, manufacture and distribution of certain fine chemicals sued in the manufacture of pharmaceutical products.

6. On or about December 14, 2009, Plaintiff hired Defendant as a Vice President of Biologics. Plaintiff terminated Defendant's employment on or about July 1, 2011. Plaintiff's annual salary during that period was approximately [amount.] Plaintiff did not enter into any employment agreement with Defendant. Defendant was, throughout the course of his employment with Plaintiff, an at-will employee.

### COUNT I: BREACH OF PROMISSORY NOTE

7. On or about January 9, 2010, Plaintiff and Defendant executed a Promissory Note ("Note").

8. A true and correct copy of the Note is attached hereto as *Exhibit "A"* and made a part hereof.

9. The principal amount of the Note was $90,000.

10. The Note provided, among other things, that Defendant "hereby jointly and severally promise to pay to the order of Richmond Chemical Corporation, 2210 Midwest Road, Suite 100, Oak Brook, IL 60523, USA, the sum of Ninety Thousand Dollars ($90,000.000), together with interest thereon at the rate of 5% per annum on the unpaid balance."

11. The Note provided that "The loan will be paid in five (5) equal payments of Twenty Thousand Seven Hundred Dollars ($20,700.00) per year. The payments will be due on 1st February of every year starting February 1, 2011."

12. Plaintiff transferred $90,000 to Defendant pursuant to the Note on or about January 29, 2010.

13. Defendant was required to pay an amount of $20,700 pursuant to the Note on February 1, 2011.

14. Defendant did not make any payment to Plaintiff on February 1, 2011.

15. Defendant was required to pay an amount of $20,700 pursuant to the Note on February 1, 2012.

16. Defendant did not make any payment to Plaintiff on February 1, 2012.

17. Defendant has not made any payment to Plaintiff pursuant to the Note.

18. The Note was a valid and enforceable agreement between Plaintiff and Defendant.

19. Plaintiff has complied in every respect with its obligations pursuant to the Note.

20. Defendant has breached the terms of the Note by failing to make any timely payment to Plaintiff.

21. Defendant's breaches of the Note are material.

22. Plaintiff has suffered damages as a result of Defendant's breach of the Note, in the form of funds owed it pursuant to the terms of the Note.

23. Defendant's breach of the Note has caused its termination, and Defendant presently owes Plaintiff an amount of $90,000.pp, together with interest thereon at the rate of 5% per annum on the unpaid balance, and a late charge of 12% on payments that Defendant did not make within five days of February 1, 2011 and February 1, 2012.

24. Defendant now owes Plaintiff an amount in excess of $100,000 pursuant to the Note.

## COUNT II: BREACH OF CONFIDENTIALITY AGREEMENT

25. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

26. On or about December 23, 2009, Plaintiff and Defendant executed an "EMPLOYEE CONFIDENTIALITY AND INTELLECTUAL PROPETY AGREEMENT" (the "Confidentiality Agreement.")

27. A true and correct copy of the Confidentiality Agreement is attached hereto as ***Exhibit "B"*** and made a part hereof.

28. Plaintiff required Defendant to execute the Confidentiality Agreement as a condition of his employment with Plaintiff.

29. The Confidentiality Agreement provided, among other things, at Section 1, that Defendant was an at-will employee of Plaintiff.

30. The Confidentiality Agreement provided, among other things, at Section 4, that it pertained to "financial information, sales data, and other information proprietary to [Plaintiff] (hereinafter "Confidential Information").

4

31. The Confidentiality Agreement provided, among other things, at Section 4, that Defendant will not, "during the term of this employment or at any time thereafter, without the prior written authorization of [Plaintiff]: (a) reveal or disclose the Confidential Information, or any part thereof, to any third party; or (b) use the confidential Information for his own benefit or for the benefit of any third party."

32. The Confidentiality Agreement provided, among other things, at Section 7, that Defendant's "failure to comply with the terms of this Employment Agreement would cause irreparable damage to [Plaintiff]. Therefore, [Defendant] agrees that in addition to any other remedies at law or in equity available to [Plaintiff] for {Defendant's] breach of this Agreement, RCC may seek specific performance or injunctive relief against [Defendant] to prevent such damage.

33. Plaintiff has complied in all respects with its obligations under the Confidentiality Agreement.

34. Defendant breached the Confidentiality Agreement by disclosing the following Confidential Information to third parties: { }

35. Defendant's breaches of the Confidentiality Agreement are material.

36. Defendant's material breaches of the Confidentiality Agreement has caused irreparable damage to Plaintiff.

37. Plaintiff seeks specific performance of the Confidentiality Agreement, whereby Defendant is ordered to strict comply with the Confidentiality Agreement in all material respects throughout the remaining term of the Confidentiality Agreement.

38. Plaintiff also requests that this Court enter an injunction barring Defendant from the disclosure of Confidential Information in violation of the Confidentiality Agreement.

## JURY DEMAND

39. Plaintiff hereby demands a jury trial in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests Judgment and relief as follows:

1) With respect to Count I, Judgment against Defendant and in favor of Plaintiff that Defendant has breached the Note, and awarding to Plaintiff the amount of $90,000 due thereunder plus applicable interest; an award of its attorney fees and costs; and any and all other relief that this Court deems to be reasonable and appropriate under the circumstances;

2) With respect to Count II, Judgment against Defendant and in favor of Plaintiff that Defendant has breached the Confidentiality Agreement, granting specific performance of the Confidentiality Agreement in favor of Plaintiff, enjoing Defendant from further violations of the Confidentiality Agreement; and any and all other relief that this Court deems to be reasonable and appropriate under the circumstances.

Respectfully submitted,

Richmond Chemical Corporation,

DATED: August 13, 2012

By: /s/ Paul Duffy
Paul Duffy (Bar No. 6210496)
Duffy Law Group
2 N. LaSalle Street
13th Floor
Chicago, IL 60602
Phone: 312-952-6136
E-mail: paduffy@pduffygroup.com
*Attorney for Plaintiff*